UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                              CIVIL ACTION NO.: 04-11126-MLW

SANDRA YOUNG, and
ERIC K. SOUZA, P.P.A., By His MOTHER
AND NEXT BEST FRIEND,
        Plaintiffs,

v.

SIX FLAGS, INC. and
INTAMIN AG,
        Defendants.

## JOINT STATEMENT OF THE PARTIES
## PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to United States District Court Local Rule 16.1(D), the parties propose the following schedule for the subject litigation:

### I.   STATEMENT OF FACTS

This is a personal injury action brought by Plaintiffs Sandra Young, and Eric K. Souza, P.P.A., By His Mother and Next Best Friend, for injuries allegedly sustained on August 6, 2001, at an amusement park allegedly owned and/or operated by Defendant Six Flags, Inc. Plaintiff Sandra Young alleges that she was injured on a roller coaster ride at the amusement park allegedly owned and/or operated by Defendant Six Flags, Inc. Her Civil Complaint sounds in Negligence, Negligent Design, Negligent Construction, Negligent Operation, Negligent Maintenance, Negligent

2

Inspection, Breach of Expressed Warranty, Breach of Warranty by Advertisement, Breach of Implied Warranties, Breach of Warranty of Safety, Breach of Warranty for Fitness for a Particular Purpose, Breach of Warranty of Merchantability, Violation of Statute, Violation of Safety Regulations, Strict Liability, Res Ipsa Loquitur, and Punitive Damages. In addition, Plaintiff Eric K. Souza, the son of Plaintiff Sandra Young, claims an action for loss of society, comfort, affection, and guidance of his mother. Defendant Six Flags, Inc., denies the allegations in the Civil Complaint and demands a jury trial.

Defendant Six Flags, Inc., brought a third-party action against Third-Party Defendant Intamin Ltd. for contribution and indemnity. Third-Party Defendant Intamin Ltd. denies the allegations in the Third-Party Complaint and demands a jury trial.

## II.     JOINT DISCOVERY PLAN AND FILING OF MOTIONS

1. Discovery shall be completed by December 15, 2005.

2. All motions pursuant to Fed. R. Civ. P. 12, 15, 19, and 20 shall be filed no later than July 1, 2005.

3. Discovery shall commence on December 27, 2004. All requests for production of documents pursuant to Fed. R. Civ. P. 34, all interrogatories propounded pursuant to Fed. R. Civ. P. 33, and all requests for admission pursuant to Fed. R. Civ. P. 36 shall be served no later than July 1, 2005. All answers/responses to the written discovery indicated above, other than expert discovery, shall be served no later than August 15, 2005.

4. All factual depositions (non-expert witnesses) shall be concluded no later than July 1, 2005.

5. Plaintiff's counsel agrees to provide all of the medical records of plaintiff, which are presently due under Local Rule 35.1 no later than January 10, 2005.

6. The number of non-expert depositions that plaintiffs, defendant/third-party plaintiff, and third-party defendant may each take is limited to 10, exclusive of any Keeper of Records depositions.

7. Plaintiff shall identify his experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before September 1, 2005.

8. Defendant/third-party plaintiff shall identify its experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before October 17, 2005.

9. Third-party defendant shall identify its experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before November 17, 2005.

10. The experts may be deposed. The parties shall pay reasonable expert fees as provided for under Rule 26(b)(4)(C). The parties agree to discuss further the location of expert depositions with the understanding that, if agreement may not be reached, an appropriate motion

will be filed at that time. Plaintiff's experts shall be deposed by September 15, 2005. Defendant/third-party plaintiff's experts shall be deposed by November 15, 2005. Third-party defendant's experts shall be deposed by December 15, 2005.

11. Any discovery motions under Rule 37 shall be filed on or before September 15, 2005.

12. All dispositive motions, including motions for summary judgment pursuant to Fed. R. Civ. P. 56, shall be filed on or before January 16, 2006.

13. A final pretrial conference shall be scheduled by the Court on or some time following January 16, 2006.

14. The parties expect to be ready for trial by February 15, 2006.

## III. TRIAL BEFORE A MAGISTRATE

The parties do not, at this time, consent to having this case tried before a magistrate, but would respectfully defer that decision, if possible.

## IV. CERTIFICATIONS

The parties' counsel have conferred with their clients as to establishing a budget or cost for the litigation and with respect to ADR programs. Certificates Pursuant to Local Rule 16.1(D)(3) are

to be filed under separate cover by each party.

_____
Plaintiffs,
Russell N. McCarthy, Esq. #552879
150 North Main Street
Fall River, MA  02720

_____
Defendant/Third-Party Plaintiff,
John P. Graceffa, #205920
Allain P. Collins, Esq. #659492
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210

_____
Third-Party Defendant,
Peter M. Durney #139260
Cornell & Gollub
75 Federal Street
Boston, MA  02110

to be filed under separate cover by each party.

Plaintiffs,
Russell N. McCarthy, Esq. #552879
150 North Main Street
Fall River, MA  02720

Defendant/Third-Party Plaintiff,
John P. Graceffa, #205920
Allain P. Collins, Esq. #659492
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210

Third-Party Defendant,
Peter M. Durney #139260
Cornell & Gollub
75 Federal Street
Boston, MA  02110