UNITED STATES DISTRICT COURT

EASTERN DIVISION    CIVIL ACTION NO:
**04 11126 MLW**

|  |  |
|---|---|
| SANDRA YOUNG, and ) | RECEIPT # 56226 |
| ERIC K. SOUZA, P.P.A., By His ) | AMOUNT $ 150 |
| MOTHER AND NEXT BEST FRIEND, ) | SUMMONS ISSUED yes |
|  ) | LOCAL RULE 4.1 ✓ |
| Plaintiffs ) | WAIVER FORM |
|  ) | MCF ISSUED |
|  ) | BY DPTY. CLK. TM |
| vs. ) | DATE 5/27/04 |
|  ) | **CIVIL COMPLAINT** |
| SIX FLAGS, INC. and ) |  |
| INTAMIN AG., ) |  |
|  ) | MAGISTRATE JUDGE Alexander |
| Defendants. ) |  |

## COUNT I - ACTION FOR NEGLIGENCE
### THE PARTIES

1.  That for all pertinent times mentioned herein the Plaintiff Sandra Young resided at 68 Niagara Street, Fall River, Bristol County, Massachusetts.

2.  That for all pertinent times mentioned herein the Plaintiff Eric K. Souza was a minor and resided at 68 Niagara Street, Fall River, Bristol County, Massachusetts.

3.  That for all pertinent times mentioned herein the Plaintiff Sandra Young brings this action on behalf of Eric K. Souza, a minor, as his natural mother and next best friend.

4.  That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., was incorporated in the State of Oklahoma.

5.  That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., maintained a home office at

11501 Northeast Expressway, Oklahoma City, Oklahoma.

6. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., maintained its principle place of business at 11501 Northeast Expressway, Oklahoma City, Oklahoma.

7. That for all pertinent times mentioned herein, the Defendant, Intamin AG, was incorporated in the country of Switzerland.

8. That for all pertinent times mentioned herein, the Defendant, Intamin AG, maintained a principle place of business and a home office at Verenastrasse 37, Postfach 95, GH-8832, Wollerau, Switzerland.

9. That for all pertinent times mentioned herein, the Defendant, Intamin AG, maintained a business address in the United States for jurisdiction and service of process at P.O. Box 284, Millersville, Maryland.

## JURISDICTION

10. That for all pertinent times mentioned herein, the Plaintiff Sandra Young, brings this action for herself, in her own right, for bodily injuries sustained in Massachusetts on or about August 6, 2001.

11. That for all pertinent times mentioned herein, the Plaintiff Eric K. Souza, P.P.A., brings this action by his natural mother ad next best friend, Sandra Young, for loss of society, comfort and guidance.

12. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., did business within the Commonwealth of Massachusetts.

13. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., maintained a business office at 1623 Main Street, Agawam, Massachusetts.

14. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., operated an amusement park in Agawam, Massachusetts.

15. That for all pertinent times mentioned herein, the Defendant, Intamin AG, did business within the Commonwealth of Massachusetts.

16. That for all pertinent times mentioned herein, the Defendant, Intamin AG, a foreign corporation, actively did business within the United States and explicitly and implicitly consented to in personam jurisdiction for any and all of its actions or inactions that occur in any State of the United States.

17. That for all pertinent times mentioned herein, the Defendant, Intamin AG, operated amusement park equipment and products in Agawam, Massachusetts.

18. That for all pertinent times mentioned herein, the Defendant, Intamin AG, maintained amusement park equipment and products in Agawam, Massachusetts.

19. That for all pertinent times mentioned herein, the Defendant, Intamin AG, designed amusement park equipment and products in Agawam, Massachusetts.

20. That for all pertinent times mentioned herein, the Defendant, Intamin AG, manufactured amusement park equipment and products for use in Agawam, Massachusetts.

21. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., operated amusement park equipment and products in Agawam, Massachusetts.

22. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., maintained amusement park equipment and products in Agawam, Massachusetts.

23. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., designed amusement park equipment and products in Agawam, Massachusetts.

24. That for all pertinent times mentioned herein, the Defendant, Six Flags, Inc., manufactured amusement park equipment and products in Agawam, Massachusetts.

25. That for all pertinent times mentioned herein, the Defendant, Intamin AG, maintained an agent for service of

process and jurisdiction, to wit: Agent For Intamin Ag, P.O. Box 284 Millersville, Maryland, 21108.

26. That this action is brought in the United States Federal District Court in Boston, Massachusetts based upon the complete Diversity of Citizenship pursuant to 28 U.S.C., Section 1332.

27. That at the time the instant causes of action arose, there was complete diversity of citizenship between all the Plaintiffs and all of the Defendants.

28. That the amount in controversy, exclusive of interest and costs, exceeds the minimum sum as set forth under 28 U.S.C., Section 1332 (a).

29. That for all pertinent times mentioned herein the Defendant, Six Flags, Inc., implicitly and explicitly by statute, Chapter 140, et. seq., agreed to accept jurisdiction as well as service of process through the Massachusetts Commissioner of Public Safety at his main office located in Boston, Massachusetts.

30. That for all pertinent times mentioned herein the Defendant, Six Flags, Inc., implicitly and explicitly by statute, Chapter 140, et. Seq., was licensed to operate an amusement park business within the Commonwealth of Massachusetts, and within the Town of Agawam, and as such, was subject to the in personam jurisdiction of the Massachusetts Federal District Court since it has and had sufficient minimum contacts required to satisfy the Constitutional requirements, as well as the requirements of the Massachusetts' Long Arm Statute.

31. That for all pertinent times mentioned herein, the Defendant, Intamin AG, is and was subject to in personam jurisdiction within any Federal District Court within America, pursuant to 28 U.S.C., Section 1391 (d).

32. That based upon well settled concepts of ancillary as well as pendent jurisdiction, the United States Federal District Court located at Boston, Massachusetts has subject matter jurisdiction as well as in personam jurisdiction over both of the named Defendants.

## VENUE

33. That for all pertinent times mentioned herein, the Plaintiff, Sandra Young, resided within the Eastern Division of the United States Federal District Court located in Boston, Massachusetts.

34. That for all pertinent times mentioned herein, the Plaintiff, Eric K. Souza, a minor, resided within the Eastern Division of the United States Federal District Court located in Boston, Massachusetts.

35. That pursuant to 28 U.S.C. Section 1391 (c), both of the Defendants may be sued in any District in which they are doing business and are subject to in personam jurisdiction.

36. That pursuant to 28 U.S.C. Section 1404 (d), venue in this case is proper within the Easter Division of the United States District Court located in Boston, Massachusetts.

## THE ACTION

37. That on or about August 6, 2001, the Plaintiff, Sandra Young, was a guest at the Defendants' Six Flags, Inc., amusement park located at 623 Main Street, Agawam, Massachusetts.

38. That on or about August 6, 2001, the Plaintiff, Sandra Young, was a patron at the Defendant's Six Flags, Inc., amusement park located at 623 Main Street, Agawam, Massachusetts.

39. That on or about August 6, 2001, the Plaintiff, Sandra Young, was an invitee at the Defendant's Six Flags, Inc., amusement park located at 623 Main Street, Agawam, Massachusetts.

40. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was assured by the Defendant Six Flags, Inc., that its amusement park and all of its rides were completely safe.

41. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was warranted by the Defendant Six

Flags, Inc., that its amusement park and all of its rides were completely safe.

42. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Six Flags, Inc., that their amusement park and all of its rides were completely safe and free from any unreasonable risk of harm.

43. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Six Flags, Inc., that their amusement park and all of its rides were completely safe and free from any defects.

44. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Six Flags, Inc., that their amusement park and all of its rides were timely inspected for safety.

45. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Six Flags, Inc., that their amusement park and all of its rides were timely maintained.

46. That the Defendant Intamin A.G, designed the ride known as "The Superman Ride of Steel" owned by the Defendant Six Flags, Inc., and which located on Main Street, Agawam, Massachusetts.

47. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Intamin AG that its amusement park rides were completely safe and free from any unreasonable risk of harm.

48. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Intamin AG that its amusement park rides were completely safe and free from any defects.

49. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Intamin AG that its amusement park rides were timely inspected for safety.

50. That on or about August 6, 2001, and prior thereto, the Plaintiff, Sandra Young, was either implicitly or explicitly warranted and otherwise guaranteed by the Defendant Intamin AG that its amusement park rides were timely maintained.

51. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. failed to properly design the amusement ride known as "The Superman Ride of Steel."

52. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. failed to properly construct the amusement ride known as "The Superman Ride of Steel."

53. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. failed to properly inspect the amusement ride known as "The Superman Ride of Steel."

54. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. failed to properly maintain the amusement ride known as "The Superman Ride of Steel."

55. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. failed to properly operate the amusement ride known as "The Superman Ride of Steel."

56. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG failed to properly design the amusement ride known as "The Superman Ride of Steel."

57. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG failed to properly construct the amusement ride known as "The Superman Ride of Steel."

58. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG failed to properly inspect the amusement ride known as "The Superman Ride of Steel."

59. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG failed to properly maintain the

amusement ride known as "The Superman Ride of Steel."

60. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG failed to properly operate the amusement ride known as "The Superman Ride of Steel."

61. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. expressly warranted to the Plaintiff Sandra Young that its ride known as "The Superman Ride of Steel" was safe and free from defect.

62. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG expressly warranted to the Plaintiff Sandra Young that its ride known as "The Superman Ride of Steel" was safe and free from defect.

63. That on or about August 6, 2001, and prior thereto, the Defendant Six Flags, Inc. expressly warranted by advertisement to the Plaintiff Sandra Young that its ride known as "The Superman Ride of Steel" was safe and free from defect.

64. That on or about August 6, 2001, and prior thereto, the Defendant Intamin AG expressly warranted by advertisement to the Plaintiff Sandra Young that its ride known as "The Superman Ride of Steel" was safe and free from defect.

65. That on or about August 6, 2001, the Plaintiff Sandra Young sustained bodily injuries when the roller coaster train of the ride known as "The Superman Ride of Steel" was rear-ended by another roller coaster train.

66. That on or about August 6, 2001, the Plaintiff Sandra Young sustained permanent injuries when the roller coaster train of the ride known as "The Superman Ride of Steel" was rear-ended by another roller coaster train.

67. That as a direct and proximate result of the accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young incurred expenses for medical care and attention in treatment of the injuries that she sustained when the roller coaster train of the ride known as "The Superman Ride of Steel" was rear-ended by another roller coaster train.

68. That as a direct and proximate result of the said accident

that occurred on or about August 6, 2001, the Plaintiff Sandra Young will incur expenses for medical care and attention in the future for treatment of her injuries.

69. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has incurred a loss of wages.

70. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young will incur future losses in wages.

71. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has incurred a permanent loss of earning capacity.

72. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has incurred past pain and suffering.

73. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young will incur future pain and suffering.

74. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has incurred a permanent loss of function.

75. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has incurred a past loss of function.

76. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young will incur a future loss of function.

77. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has incurred permanent disfigurement.

78. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young has sustained a permanent loss of the society and comfort of her minor son, Eric K. Souza.

79. That all the injuries and damages that were incurred by the Plaintiff Sandra Young were the direct and proximate result of the negligence of the Defendant, Six Flags, Inc..

80. That all the injuries and damages that were incurred by the Plaintiff Sandra Young were the direct and proximate result of the negligence of the Defendant, Intamin AG.

81. That as a direct and proximate result of the said accident that occurred on or about August 6, 2001, the Plaintiff Sandra Young sustained other damage for which she is legally entitled to compensation.

82. That the negligence of the Defendant Six Flags, Inc. was both gross and wilful.

83. That the Negligence of the Defendant Intamin AG was both gross and wilful.

## COUNT II
## ACTION BASED UPON NEGLIGENT DESIGN

84. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 83, inclusive of this Complaint.

85. That as a direct and proximate result of the negligent design by Defendant, Six Flags, Inc., of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

86. That as a direct and proximate result of the negligent design by Defendant, Intamin AG, of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT III
## ACTION BASED UPON NEGLIGENT CONSTRUCTION

87. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 86, inclusive of this Complaint.

88. That as a direct and proximate result of the negligent construction by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

89. That as a direct and proximate result of the negligent construction by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT IV
## ACTION BASED UPON NEGLIGENT OPERATION

90. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 89, inclusive of this Complaint.

91. That as a direct and proximate result of the negligent operation by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

92. That as a direct and proximate result of the negligent operation by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT V
## ACTION BASED UPON NEGLIGENT MAINTENANCE

93. That the Plaintiff Sandra Young does hereby incorporate by reference and does hereby reallege Paragraphs 1 - 92, inclusive of this Complaint.

94. That as a direct and proximate result of the negligent maintenance by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

95. That as a direct and proximate result of the negligent maintenance by Defendant Intamin AG of the amusement ride

known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT VI
### ACTION BASED UPON NEGLIGENT INSPECTION

96. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 95, inclusive of this Complaint.

97. That as a direct and proximate result of the negligent inspection by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

98. That as a direct and proximate result of the negligent inspection by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT VII
### ACTION BASED UPON BREACH OF EXPRESSED WARRANTY

99. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 98, inclusive of this Complaint.

100. That as a direct and proximate result of the breach of expressed warranty by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

101. That as a direct and proximate result of the breach of expressed warranty by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT VIII
### ACTION BASED UPON BREACH OF WARRANTY BY ADVERTISEMENT

102. That the Plaintiff Sandra Young does hereby incorporate by

reference, and does hereby reallege, Paragraphs 1 - 101, inclusive of this Complaint.

103. That as a direct and proximate result of the breach of warranty by advertisement by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

104. That as a direct and proximate result of the breach of warranty by advertisement by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT IX
## ACTION BASED UPON BREACH OF IMPLIED WARRANTIES

105. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 104, inclusive of this Complaint.

106. That as a direct and proximate result of the breach of implied warranties by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

107. That as a direct and proximate result of the breach of implied warranties by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT X
## ACTION BASED UPON BREACH OF WARRANTY OF SAFETY

108. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 107, inclusive of this Complaint.

109. That as a direct and proximate result of the breach of warranty of safety by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

110. That as a direct and proximate result of the breach of warranty of safety by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT XI
## ACTION BASED UPON BREACH OF WARRANTY FOR FITNESS FOR A PARTICULAR PURPOSE

111. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 110, inclusive of this Complaint.

112. That as a direct and proximate result of the breach of warranty for fitness for a particular purpose by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

113. That as a direct and proximate result of the breach of warranty for fitness for a particular purpose by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT XII
## ACTION BASED UPON BREACH OF WARRANTY OF MERCHANTABILITY

114. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege Paragraphs 1 - 113, inclusive of this Complaint.

115. That as a direct and proximate result of the breach of warranty of merchantability by Defendant Six Flags, Inc. of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

116. That as a direct and proximate result of the breach of warranty of merchantability by Defendant Intamin AG of the amusement ride known as "The Superman Ride of Steel," the Plaintiff has suffered permanent bodily injuries.

## COUNT XIII
## ACTION BASED UPON VIOLATION OF STATUTE

117. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 116, inclusive of this Complaint.

118. That as a direct and proximate result of the violations of various safety statutes by Defendant Six Flags, Inc., the Plaintiff has suffered permanent bodily injuries.

119. That as a direct and proximate result of the violations of various safety statutes by Defendant Intamin AG, the Plaintiff has suffered permanent bodily injuries.

## COUNT XIV
## ACTION BASED UPON VIOLATION OF SAFETY REGULATIONS

120. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 119, inclusive of this Complaint.

121. That as a direct and proximate result of the violations of various safety regulations by Defendant Six Flags, Inc., the Plaintiff has suffered permanent bodily injuries.

122. That as a direct and proximate result of the violations of various safety regulations by Defendant Intamin AG, the Plaintiff has suffered permanent bodily injuries.

## COUNT XV
## ACTION BASED UPON STRICT LIABILITY

123. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 122, inclusive of this Complaint.

124. That the ride known as "The Superman of Steel" was inherently dangerous on the day of the Plaintiff's accident.

125. That as a direct and proximate result of the actions and inactions by Defendant Six Flags, Inc., the said Defendant

15

   is strictly liable for the Plaintiff's damages, including her permanent bodily injuries.

126. That as a direct and proximate result of the actions and inactions by Defendant Intamin AG, the said Defendant is strictly liable for the Plaintiff's damages, including her permanent bodily injuries.

## COUNT XVI
## ACTION BASED UPON RES IPSA LOQUITUR

127. That the Plaintiff Sandra Young does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 125, inclusive of this Complaint.

128. That on or about August 6, 2001, the modalities which caused the Plaintiff's injuries were in the exclusive control of the agents and employees of both Defendants.

129. That the injuries and damages sustained by the Plaintiff Sandra Young on or about August 6, 2001, were caused by the acts and negligence of the agents and employees of both Defendants.

130. That said negligence normally does not normally occur in the absence of negligence.

131. That as a direct and proximate result of the actions and inactions by Defendant Six Flags, Inc., the said Defendant is liable under the doctrine of Res Ipsa Loquitur for the Plaintiff's damages, including her permanent bodily injuries.

132. That as a direct and proximate result of the actions and inactions by Defendant Intamin AG, the said Defendant is liable under the doctrine of Res Ipsa Loquitur for the Plaintiff's damages, including her permanent bodily injuries.

## COUNT XVII
## ACTION FOR PUNITIVE DAMAGES

133. That the Plaintiff Sandra Young does hereby incorporate by

reference, and does hereby reallege, Paragraphs 1 - 130, inclusive of this Complaint.

134. That the negligence of the Defendant, Six Flags, Inc., was both gross and wilful.

135. That the negligence of the Defendant, Intamin AG, was both gross and wilful.

136. That the Plaintiff Sandra Young is entitled to punitive damages against both defendants.

## COUNT XVIII
## ACTION BY ERIC K. SOUZA, P.P.A.

137. That the Plaintiff Sandra Young, as the natural mother and next best friend of Eric K. Souza, a minor, does hereby incorporate by reference, and does hereby reallege, Paragraphs 1 - 133, inclusive of this Complaint.

138. That as a direct and proximate result of the negligence of the Defendant Six Flags, Inc., Eric K. Souza has suffered a loss of society, comfort, affection and guidance of his mother, Sandra Young.

139. That as a direct and proximate result of the negligence of the Defendant Intamin AG, Eric K. Souza has suffered a loss of society, comfort, affection and guidance of his mother, Sandra Young.

140. That as a direct and proximate result of the negligence of the Defendant Six Flags, Inc., Eric K. Souza will continue to suffer in the future a loss of society, comfort, affection and guidance of his mother, Sandra Young.

141. That as a direct and proximate result of the negligence of the Defendant Intamin AG, Eric K. Souza will continue to suffer in the future a loss of society, comfort, affection and guidance of his mother, Sandra Young.

142. That the Defendant Six Flags, Inc., is liable to Eric K. Souza for all his damages sustained.

143. That the Defendant Intamin AG, is liable to Eric K. Souza

for all his damages sustained.

**WHEREFORE**, the Plaintiffs do hereby respectfully demand judgment against each of the said Defendants, jointly and severably, in the amount of Five Million ($5,000,000.00) Dollars, as well as interest and cost of suit herein.

Respectfully submitted,

*/s/ Russell N. McCarthy/*

Attorney for Plaintiffs
**Russell N. McCarthy, Esquire**
150 North Main Street
Fall River, MA  02720
508/324-0010
BBO NO:  552879

## DEMAND FOR JURY TRIAL

The Plaintiffs in the above entitled matter, and through their attorney, do hereby claim their right to trial by jury on all issues.

Respectfully submitted,

*/s/ Russell N. McCarthy/*

Attorney for Plaintiffs
**Russell N. McCarthy, Esquire**
150 North Main Street
Fall River, MA  02720
508/324-0010
BBO NO:  552879
